IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GARLAND PITTMAN, | : |
| Plaintiff, | : |
| v. | : Case No. 3:25-cv-85-TES-AGH |
| OFC PLAYTON, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Plaintiff Garland Pittman, a prisoner in Valdosta State Prison in Valdosta, Georgia, filed a 42 U.S.C. § 1983 complaint (ECF No. 1)[1] and a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). As discussed below, Plaintiff's motion for leave to proceed IFP is **GRANTED** and his complaint is ripe for preliminary review. Plaintiff's deliberate indifference to safety claim against Defendant Officer Playton will proceed for further factual development. However, it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

---

[1] The docket shows Plaintiff's address as Macon State Prison in Oglethorpe, Georgia. The events underlying the complaint took place in Macon State Prison. Compl. 3, ECF No. 1. Plaintiff, however, lists his place of incarceration and his address as Valdosta State Prison. *Id.* at 1, 4. Additionally, the return address on the envelope in which Plaintiff mailed his complaint is for Valdosta State Prison. Envelope, ECF No. 1-2. The Georgia Department of Corrections inmate search also shows Plaintiff's most recent institution as Valdosta State Prison. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/JJ4V-YMKX] (searched "Pittman, Garland") (last visited July 21, 2025). Therefore, the Clerk is **DIRECTED** to update Plaintiff's address to Valdosta State Prison. Nevertheless, out of an abundance of caution, the Clerk is further **DIRECTED** to forward Plaintiff's service copy of this Order and Recommendation to Plaintiff at both Valdosta State Prison and Macon State Prison.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**. However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets in his trust account, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. <u>Directions to Plaintiff's Custodian</u>

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to

be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.  Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.  If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint

filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise

4

a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.  Factual Allegations

Plaintiff claims that, on August 9, 2023, Officer Playton and CERT Officer Bushko removed an individual from Plaintiff's cell. Compl. Ex. 1, at 1, ECF No. 1-1. Plaintiff's allegations are somewhat vague, but construing them broadly in Plaintiff's favor, it appears he is alleging that the individual was affiliated with a gang and was removed from Plaintiff's cell because he and Plaintiff were involved in an altercation.

5

*Id.*

The next day, Plaintiff was in his cell with another cellmate, who was affiliated with the same gang as the individual who was removed from Plaintiff's cell. *Id.* It is unclear from Plaintiff's allegations when this cellmate was assigned to Plaintiff's cell or who assigned this cellmate to Plaintiff's cell. *Id.* Regardless, on August 10, 2023, Plaintiff and this cellmate also became involved in an altercation. *Id.*

Plaintiff began beating on his cell door to notify Officer Playton that Plaintiff needed assistance in his cell. Compl. Ex. 1, at 1. Officer Playton came to Plaintiff's cell and saw that Plaintiff and his cellmate were fighting. *Id.* Rather than break up the fight, Officer Playton left Plaintiff to continue fighting with his cellmate. *Id.* Plaintiff does not say how the fight ended, but he asserts that the cellmate "is now deceased." *Id.* It is unclear whether his death was a result of the fight. *Id.*

III. Plaintiff's Claims

    A. **Officer Playton**

Plaintiff's allegations against Officer Playton suggest a potential claim for deliberate indifference to safety. Jail and prison officials have a duty to protect inmates from violence at the hands of other inmates. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020). But not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Rather, it is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828. To state a claim for deliberate

indifference to an inmate's safety, a prisoner must allege facts to show: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3) causation. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

"The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal citation omitted). To prevail, the prisoner must show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane*, 835 F.3d at 1307). He can make this showing by demonstrating either a "general threat" to inmates based on dangerous conditions in the prison or particular area of the prison, or by an individualized risk based on a "specific threat" to the prisoner. *Id.* at 1233, 1235.

The more common type of Eighth Amendment failure-to-protect deliberate indifference claim is based on specific, or individualized, threats posed by certain inmates or groups of inmates to a specific plaintiff or class of inmates like plaintiff. *Id.* at 1235-36. To show an individualized risk based on a specific threat, the plaintiff need not show that the official knew he "'was especially likely to be assaulted *by the specific prisoner who eventually committed the assault*,' as long as the official was otherwise aware that the victim faced a substantial risk of serious harm." *Id.* at 1236 (citation omitted). Threats among prisoners are common, however, and the official "must possess enough details about a threat to enable them to conclude that

7

it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Id.* (citation omitted).

To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839). The first prong—subjective awareness—requires "that the prison 'official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "'[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'" *Wade*, 106 F.4th at 1257 (alteration in original) (quoting *Farmer*, 511 U.S. at 838). "'Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1583 (11th Cir. 1995) (quoting *Farmer*, 511 U.S. at 842). For example, the evidence may show "'that the risk was obvious.'" *Id.* (quoting *Farmer*, 511 U.S. at 842).

The second prong—disregard of the risk—is objective and the facts must show that the defendant responded to the known risk in an objectively unreasonable manner. *Marbury*, 936 F.3d at 1233 (citation omitted). "A reasonable decision does

8

not have to be a perfect decision, and it does not require that any potential harm was actually averted." *Stalley v. Cumbie*, 124 F.4th 1273, 1287 (11th Cir. 2024) (first citing *Farmer*, 511 U.S. at 844; and then citing *Mosley v. Zachery*, 966 F.3d 1265, 1271-72 (11th Cir. 2020)).

The third prong—subjective recklessness—is satisfied only if the plaintiff shows "that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1253 (11th Cir. 2024). Even when a defendant has subjective knowledge of a serious risk, "a defendant who 'responds reasonably' to [such] a risk . . . 'cannot be found liable' under the Eighth Amendment." *Id.* at 1255 (quoting *Farmer*, 511 U.S. at 845). "Each individual [d]efendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). A defendant cannot be deliberately indifferent to an excessive risk of inmate violence unless he 'had the capability (authority and means) to provide adequate security and did not do so." *Williams v. Bennett*, 689 F.2d 1370, 1389 (11th Cir. 1982).[2]

To establish causation, "the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury. *Marbury*, 936 F.3d at 1233 (citation omitted). This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the

---

[2] As one court noted, there is overlap between deliberate indifference and causation: "To be clear, authority and means to remedy the excessive risk of inmate violence bears directly on causation; however, it overlaps with deliberate indifference because an official can rarely manifest a deliberately indifferent state of mind by failing to do something that was not in the official's power to do. Accordingly, the court considers authority and power as to deliberate indifference and causation." *Barefield v. Dunn*, 688 F. Supp. 3d 1026, 1075 n.28 (M.D. Ala. 2023).

constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). "[T]he 'critical' question is whether [the defendant] was 'in a position to take steps that could have averted the [injury] . . . but, through [deliberate] indifference, failed to do so.' To determine whether [the defendant] caused [the] injury, [the Court] look[s] at his 'duties, discretion, and means.'" *Rodriguez*, 508 F.3d at 622 (citation omitted). Causation is demonstrated when the plaintiff shows a defendant "(1) 'had the means substantially to improve' the inmate's safety, (2) 'knew that the actions he undertook would be insufficient to provide [the inmate] with reasonable protection from violence,' and (3) had 'other means [] available to him which he nevertheless disregarded.'" *Id.* (alteration in original) (citation omitted).

Here, Plaintiff asserts that there was a dangerous situation insofar as he was in a cell with a member of a gang one day after fighting with another person who was affiliated with the same gang. Moreover, Plaintiff got into a fight with this cellmate. While they were fighting, Plaintiff sought help from Officer Playton, who saw Plaintiff and the gang member fighting but left without intervening in the situation. Thus, Plaintiff's allegations suggest that Officer Playton was aware of a risk of harm to Plaintiff and disregarded that risk. Plaintiff alleges that he and the gang member continued fighting after Officer Playton failed to stop the altercation. It is unclear what, if any, injury Plaintiff received as a result of this altercation, but construing his allegations broadly, it appears possible that he may have been injured. These allegations are therefore sufficient to allow Plaintiff to proceed on a deliberate indifference to safety claim against Officer Playton.

### B.  Remaining Defendants

Plaintiff also names Lieutenant Hatchett, CERT Officer Rawls, and CERT Officer Bushko[3] as defendants in this action.  Compl. 4, ECF No. 1.  Plaintiff alleges that Bushko removed the individual from his cell the day before the altercation with his cellmate.  Compl. Ex. 1, at 1.  Plaintiff does not allege facts suggesting that Bushko was aware of another gang member being put into Plaintiff's cell or of Plaintiff fighting with his new cellmate.

Additionally, in response to a question about witnesses to the incident, Plaintiff also asserts that he told CERT Officer Bushko, CERT Officer Rawls, and Lieutenant Hatchet "about the ongoing problem."  Compl. 6.  Plaintiff's generic allegation that he told these defendants that there was an ongoing problem does not establish that any of these defendants was actually aware of a risk of harm to Plaintiff or that they disregarded such risk.  Therefore, his allegations do not state a deliberate indifference claim against these defendants.  Accordingly, it is **RECOMMENDED** that Plaintiff's claims against CERT Officer Bushko, CERT Officer Rawls, and Lieutenant Hatchet be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Tillman E. Self, United States District

---

[3] In the list of defendants, Plaintiff spells this person's name "Buschcko."  Compl. 4, ECF No. 1.  In the statement of facts, Plaintiff spells the officer's names as "Bushko."  Compl. 5; Compl. Ex. 1, at 1.

11

Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Officer Playton, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the

Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except

with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 4th day of August, 2025.

                                                      s/ *Amelia G. Helmick*
                                                      UNITED STATES MAGISTRATE JUDGE